No. 9006.

BURKHARD v. SCHNEIDER.

REAL ESTATE.—*Action to Recover.— Title.—Mistake.—Adverse Possession.— Foreclosure Sale.—Evidence.*—In an action for the recovery of real estate, the evidence showed that the plaintiff derived title by purchase from the purchaser at a foreclosure sale of the property mortgaged by the ancestor of the defendant; that the defendant had been a party to the suit to foreclose the mortgage, and had made default. The evidence for the defendant—who claimed as purchaser from his father, and that he had made valuable improvements on the lot, and that it had been included in the mortgage by mistake, and that the plaintiff, in the foreclosure suit, had notice of his adverse possession—failed to show such mistake, or notice of adverse possession, or any excuse for failure to set up his claim of title in the foreclosure suit.

*Held,* that a finding for the defendant was not sustained by the evidence.

From the Clark Circuit Court.

*J. B. Meriwether,* for appellant.

NIBLACK, J.—Action by Ernest R. Burkhard against Christian Schneider for the recovery of lot No. 7, in one of the subdivisions of lot No. 2, in the Illinois Grant, in Clark county.

Both parties claimed title under one George M. Schneider, known as Michael Schneider, who was the father of the defendant, and at one time the owner of the lot in controversy. The evidence showed that the said Michael Schneider, with his wife Elizabeth, on the 22d day of March, 1870, mortgaged said lot No. 7, and several other adjacent lots, to one John Sittle, to secure the payment of a promissory note for $1,000; that the said Michael died in 1872, leaving the note unpaid; that in the spring of 1873 Sittle commenced proceedings in the Clark Circuit Court to foreclose the mortgage, making the widow and children of the said Michael, including the defendant in this action, defendants thereto ; that there was a personal service by summons on said widow and all the children, also including the defendant; that at the June term, 1873, of said court, a judgment of foreclosure of the mortgage was rendered against said widow and children, said judg-

ment being by default as to the said Christian Schneider; that afterwards all the lots included in the mortgage were sold by the proper sheriff under the decree of foreclosure, to one Leonard Carl, who received a certificate of purchase therefor from such sheriff; that the said Carl afterwards assigned and transferred his certificate of purchase of said lots to one David S. Koons; that afterwards the said Koons conveyed the lot in dispute, with others, to the plaintiff in this action.

We have no brief from the appellee, and hence no suggestion as to any defect in the plaintiff's evidence. The evidence introduced by the plaintiff appears to us to have made, in all essential respects, a good case of *prima facie* title to the lot in suit in him.

The defence was, that, on the 1st day of January, 1870, or shortly previous thereto, the defendant, by a parol contract, purchased the lot described in the complaint, of the said Michael Schneider, and paid a portion of the purchase-money on the same soon thereafter; that he immediately went into the possession of said lot, claiming title thereto, and making valuable improvements thereon; that in 1872 he received a deed of conveyance from the said Michael and wife for said lot; that. Sittle had full notice of the defendant's claim to said lot at the time the mortgage was executed; that said lot was included in the mortgage by mistake, of all of which Carl, Koons and the plaintiff had notice.

This defence was not, however, well supported by the evidence. As we read the evidence, there was nothing either showing, or fairly tending to show, that the lot described in the complaint was included in the mortgage by mistake. Nor was there anything tending to establish any reasonable excuse for the failure of the defendant to set up his claim of title to the lot as a defence to the proceedings to foreclose the mortgage. Nor was it shown that the plaintiff had notice of any adverse claim of the defendant to the lot prior to his receiving a conveyance of it from Koons.

Notwithstanding our conclusions as to the evidence, the court made a finding for the defendant, and, refusing a new trial, rendered judgment upon the finding against the plaintiff.

For the reasons given, we think the finding was not sustained by the evidence, and that the court erred in refusing to grant a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.